The opinion of the court was delivered by
Tilghman, C. J.
Two errors are assigned in this record., 1st, That no action lies before the plaintiff pays Carr’s judgment, 2d, The admission of the evidence mentioned in the bill of exceptions.
1. I am of opinion, that the charge of the court was right. The defendant engaged to keep the plaintiff clear of the back interest, but he did not do so. Judgment was obtained against her for that interest: From that moment she was damnified, because her body and property were liable to execution. The cases cited by the counsel for the defendant in error, are in point.
2. The paper offered in evidence contained several different writings. 1st, The articles between G. and G. Carr, and Morrison. 2d, The assignment of Morrison to Gardner. 3d, Gardner’s assignment to Hartung. There might be some plausibility in the argument, that Gardner, by his assignment, recognized the preceding writings on the same paper. I give no opinion on that. But, the assignment from Hartung to the plaintiff afterwards.written on the same paper, ought to have been proved. It was an essential part of the plaintiff’s case, because it showed at what time she had purchased of Hartung, and consequently, the time to which she should be discharged from the back interest. The writing in which the defendant assumed to keep the plaintiff clear of back interest, refers to the purchase from Hartung, but contains nothing which could identify the paper given in evidence. There was no reason, therefore, why that proof should be dispensed with. The subscribing witnesses should have been called. I am of opinion, that in the admission of that writing there was error. The judgment is, therefore, to be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.